MATTHEW P. FARLEY, APPELLEE, v. JOSEPH MIKULSKY ET AL., APPELLANTS.

Argued February term, 1924—Decided June 14, 1924.

**Negligence—Injury in Tenant—Question of Unfriendly Nature of Witness—Duty of Plaintiff to Defendant.**

On appeal from the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellants, *Davis & Hastings.*

For the appellee, *Charles Rosenthal.*

PER CURIAM.

The plaintiff sued to recover for personal injuries received by him from a fall down the cellar stairs in an apartment-house belonging to the defendants. He was going down into the cellar for the purpose of getting wood or coal out of a part of the cellar, which had been allotted to him, as a jury might infer by implication, at least. The jury found for the plaintiff.

The first ground of appeal presented is that the court should have nonsuited the plaintiff, because there was no evi-

dence sufficient to charge the defendants with any duty to plaintiff. There was evidence that the cellar was for the common use of the tenants, and that the stairway led to the cellar. In the absence of any evidence to the contrary, the jury was entitled to presume that this stairway was a way, furnished by the defendant to their tenants for ingress and egress to and from the cellar, which, apparently, was devoted to a common use. Since it is not denied that the stairway was out of order, one of the steps being broken, which was the cause of the plaintiff's fall, the nonsuit was properly refused.

The remaining contention is that the trial court erred in excluding certain questions asked of the witness Spiegel, who was also a tenant in the house, and who was called to testify by the plaintiff. On his cross-examination he admitted he was unfriendly to the defendant. All the questions excluded by the court related to the reasons which actuated this feeling of enmity. We agree with the learned trial court that the reasons which caused the ill feeling were entirely immaterial. The inquiry as to whether that feeling was justified was entirely irrelevant, and in nowise connected with the issue. The jury were interested in knowing only whether an unfriendly relation existed, for the purpose of determining the credit to be given to the witness' testimony.

The judgment will be affirmed.